Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ÁNGELA C. MALDONADO MIRANDA<br><br>Parte Recurrida<br><br>v.<br><br>DAVID RUIZ RUIZ<br><br>Parte Peticionaria | TA2025CE00655 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2021CV00520<br><br>Sala: 705<br><br>Sobre:<br>Liquidación Sociedad Legal de Bienes Gananciales |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante *nos* el señor David Ruiz Ruiz (señor Ruiz Ruiz o peticionario) y nos solicita que revisemos una *Minuta – Resolución* pronunciada el 10 de septiembre de 2025 y notificada el 29 de septiembre de 2025, y una *Orden* emitida y notificada el 15 de octubre de 2025 por el Tribunal de Primera Instancia (TPI, foro recurrido o foro primario), Sala Superior de Caguas. Mediante la aludida resolución, se le impuso al peticionario que consignara la cantidad de $12,000.00 en o antes del 12 de septiembre de 2025; a su vez, mediante la orden, se declaró no ha lugar a la moción de determinaciones iniciales de hechos y conclusiones de derecho incoada por el señor Ruiz Ruiz.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

**I.**

El 21 de febrero de 2025, la señora Angélica C. Maldonado Miranda (señora Maldonado Miranda o recurrida) presentó una *Demanda* sobre liquidación de Sociedad Legal de Gananciales (SLG). En resumen, alegó que contrajo nupcias con el señor Ruiz Ruiz el 8 de octubre de 2020 y que estos manejaban en conjunto un negocio de jardinería que operaba bajo el nombre Davon's Landscaping, el cual catalogó como el ingreso principal de ambos. Especificó que ese negocio fue organizado como una compañía de responsabilidad limitada (LLC) en 2023. Arguyó, además, que el matrimonio fue declarado disuelto mediante una *Sentencia* dictaminada el 14 de febrero de 2025 y notificada el 26 de febrero de 2025. La señora Maldonado Miranda puntualizó que no se había podido liquidar la comunidad post ganancial y que, al ser confiscado el patrimonio ganancial por su excónyuge a través de la retención de su fuente de ingresos principal, Davon's Landscaping LLC, le correspondía un crédito mensual a su favor hasta la liquidación de la comunidad.

En respuesta a esto, el señor Ruiz Ruiz contestó la demanda e instó una reconvención el 11 de mayo de 2025. En síntesis, sostuvo que el negocio mencionado es de carácter privativo porque fue creado por él en 2002 y, por lo tanto, no le pertenecía a la SLG. A raíz de esto, la señora Maldonado Miranda presentó una solicitud de medidas cautelares al amparo de los Artículos 450 y 451 del Código Civil el 12 de mayo de 2025. Mediante este petitorio, alegó que la operación del negocio le correspondía a la comunidad de bienes post ganancial y que esta contribuye a la mayor parte de los ingresos corporativos, por lo cual no se podía concebir como un bien privativo. Luego de concederle un término al peticionario para expresarse al respecto, el foro recurrido emitió una *Orden* mediante la cual declaró con lugar a la solicitud de medidas cautelares, según solicitadas, el 28 de mayo de 2025.

El 6 de junio de 2025, la señora Maldonado Medina presentó una solicitud de desacato. Arguyó que el señor Ruiz Ruiz no cumplió con lo ordenado. Por ello, argumentó que procedía la celebración de una vista de desacato. Tras esto, el 10 de junio de 2025, el TPI notificó que se celebraría tal vista el 9 de junio de 2025. En la vista de desacato celebrada el 9 de junio de 2025, el foro primario ordenó a que el señor Ruiz Ruiz consignara $1,500.00 mensuales correspondientes al periodo de febrero a junio de 2025, lo cual totalizaba $7,500.00. Asimismo, estableció que el peticionario realizaría un depósito mensual de $1,500.00 hasta que finalizara el pleito.

El mismo 9 de junio de 2025, el señor Ruiz Ruiz pidió reconsideración sobre la concesión de las medidas cautelares a favor de la señora Maldonado Medina. Asimismo, el 13 de junio de 2025, el peticionario informó al tribunal que le facilitó la documentación solicitada a la recurrida. A su vez, radicó una moción solicitando a que el TPI paralizara el cumplimiento con la orden pronunciada hasta que la señora Maldonado Medina se expresara sobre su reconsideración; además, le rogó al tribunal que notificara que la minuta de la vista celebrada el 9 de junio de 2025 fungiría como una resolución.

Tras varios trámites procesales que resultan innecesarios pormenorizar, se celebró otra audiencia el 9 de septiembre de 2025. En corte abierta, el foro primario justipreció que: (1) la reconsideración incoada por el señor Ruiz Ruiz sobre las medidas cautelares era improcedente; (2) que, en o antes del 12 de septiembre de 2025, el peticionario debería consignar $12,000.00 en el tribunal y la recurrida deberá expresarse sobre la cantidad mediante el petitorio que entienda, y (3) que el señor Ruiz Ruiz debería realizar un depósito de $1,500.00 mensuales a favor de la señora Maldonado Medina.

Tras el incumplimiento con lo ordenado, el 15 de septiembre de 2025, la señora Maldonado Medina le peticionó al TPI que dictara una orden de desacato y sancionara al señor Ruiz Ruiz mediante la imposición de honorarios de abogado. Ese mismo día, el foro primario pronunció una *Orden* apercibiéndole al peticionario que debía cumplir con el dictamen previo del tribunal. Por otro lado, en igual fecha, el señor Ruiz Ruiz presentó una moción mediante la cual argumentó que la disolución de Davon's Landscaping LLC, como bien ganancial, era requerida para determinar los activos de la compañía, adjudicar los haberes y lograr una distribución justa. Tras ello, el TPI reiteró que el peticionario debía cumplir con lo ordenado.

Posteriormente, el 19 de septiembre de 2025, la señora Maldonado Medina recalcó su solicitud de desacato ante el incumplimiento persistente del señor Ruiz Ruiz. El 22 de septiembre de 2025, el TPI le otorgó un término al peticionario para que se expresara y, por su parte, el 24 de septiembre de 2025, este último insistió en su solicitud sobre que la minuta de la vista debía fungir como una resolución. Asimismo, el 25 de septiembre de 2025, redundó el hecho de que el tribunal no había adjudicado su petitorio relacionado con la disolución del negocio ganancial. En respuesta a ello, el 26 de septiembre de 2025, el TPI ordenó que la minuta de la audiencia celebrada el 9 de septiembre de 2025, se notificara como resolución. El foro recurrido ordenó que se continuara con el trámite procesal y el descubrimiento de prueba el 27 de septiembre de 2025.

Así las cosas, la *Minuta – Resolución* fue notificada el 29 de septiembre de 2025. Entonces, el 6 de octubre de 2025, la señora Maldonado Medina volvió a solicitar una orden de desacato contra el señor Ruiz Ruiz tras su incumplimiento con los dictámenes judiciales anteriores. En respuesta a ello, el señor Ruiz Ruiz se opuso el 14 de octubre de 2025. Ese mismo día, el TPI pronunció

una orden mediante la cual expresó que el asunto del desacato sería atendido en una vista a celebrarse el 23 de octubre de 2025. También en ese día, el peticionario radicó una moción de determinaciones iniciales de hechos y conclusiones de derecho al amparo de la Regla 42.2 de las de Procedimiento Civil, *infra*, para que se justificara en derecho la consignación de $1,500.00 mensuales. El 15 de octubre de 2025, el foro recurrido declaró no ha lugar al petitorio del señor Ruiz Ruiz.

Inconforme, el 21 de octubre de 2025, el señor Ruiz Ruiz compareció ante nos mediante un recurso de *certiorari* y señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al imponerle al demandado-recurrente la obligación de consignar $1,500.00 mensuales que pertenecen a una corporación que no es parte del pleito.

> Erró el Tribunal de Primera Instancia al ordenar a la parte demandada-recurrente a consignar $1,500.00 mensuales, sin la celebración de una vista evidenciaria, violentando así el debido proceso de ley de la parte recurrente, incurriendo en abuso de discreción, perjuicio y error manifiesto.

> Erró el Tribunal de Primera Instancia al emitir la *Minuta/Resolución* aquí recurrida, sin emitir determinaciones de hechos ni conclusiones de derecho que permitan la revisión adecuada de su determinación, incurriendo así en abuso de discreción, perjuicio y error manifiesto.

Examinado el recurso de *Certiorari*, este Tribunal articuló una *Resolución* el 22 de mayo de 2025 declarando ha lugar al auxilio de jurisdicción presentado con el recurso, paralizando todo trámite en el foro de instancia, y concediéndole un término de diez (10) días a la recurrida para que expresara porqué no debíamos expedir el auto solicitado. El 3 de noviembre de 2025, la señora Maldonado Miranda presentó su *Oposición al Recurso de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

## A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro primario. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado ni ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que pronuncian los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición procesal dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de las de Procedimiento Civil, *supra*.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico ha indicado reiteradamente que la *discreción* significa tener el poder para decidir de una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Entonces, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*; véase *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

### III.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la contención del peticionario que incidió el TPI al imponer una obligación de consignar $1,500.00 mensuales que pertenecen a una corporación que no es parte en el pleito. Asimismo, puntualiza que el foro primario erró al ordenar esta consignación sin la celebración de una vista evidenciaria. Por último, argumenta que el foro recurrido se equivocó al pronunciar una *Minuta – Resolución* sin que esta contenga determinaciones de hechos o derecho que permitan su revisión adecuada.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por el peticionario, y luego de una revisión puntillosa de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. El peticionario tampoco nos ha persuadido de que, el aplicar la norma de abstención apelativa en este momento conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*. En consecuencia, se ordena la continuación de los procedimientos ante el TPI.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones